LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07928 BRO (PJWx) | Date | October 31, 2014 |
|---|---|---|---|
| Title | TRANSPLACE INTERNATIONAL, INC. ET AL. V. MOTORCAR PARTS OF AMERICA ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has jurisdiction over a civil action between citizens of different states where the matter in controversy exceeds $75,000.

In their Complaint, Plaintiffs assert that there is complete diversity of citizenship between the parties. (Compl. ¶¶ 1–8.) According to the Complaint, Defendants are citizens of both New York and California because they are New York corporations that have their principal places of business in California. (Compl. ¶¶ 5–6.) Thus, if any of the Plaintiffs is a citizen of either New York or California, complete diversity would be destroyed. Plaintiffs maintain that there is complete diversity in this action based on the Plaintiffs' citizenship. Yet they provide inadequate information from which to draw this conclusion. For example, Plaintiff Transplace Texas LP is a limited partnership. For purposes of diversity jurisdiction, a limited partnership shares the citizenship of all of its limited partners. *See Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) ("Nugget asserted diversity jurisdiction. It was required to specify affirmatively the citizenship of all relevant parties, which in the case of a limited partnership such as Nugget, are the partners." (citation omitted)). Similarly, Plaintiff Transplace Mexico, LLC is a limited liability company. And the Ninth Circuit has long held that, "like a partnership, [a limited liability company] is a citizen of every state of

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07928 BRO (PJWx)** | Date | October 31, 2014 |
|---|---|---|---|
| Title | **TRANSPLACE INTERNATIONAL, INC. ET AL. V. MOTORCAR PARTS OF AMERICA ET AL.** | | |

which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

By failing to detail the citizenship of each limited partner of Transplace Texas LP and each member of Transplace Mexico, LLC, the Complaint fails to provide sufficient information regarding the citizenship of the Plaintiffs. Without such information, the Court cannot determine whether complete diversity exists in this matter. As a result, it remains unclear whether the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the Court **ORDERS** Plaintiffs to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiffs must respond no later than **9:00 a.m. on Friday, November 7, 2014.**

**IT IS SO ORDERED.**

:

Initials of Preparer    rf